**FILED**
**U.S. District Court**
**District of Kansas**
09/23/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NIKKO PIKE,**

**Plaintiff,**

**v.** **CASE NO. 26-3281-JWL**

**WYANDOTTE COUNTY SHERIFF'S DEPARTMENT, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $21.50. (Doc. 3.) The fee was due by September 14, 2026, and has not been paid. On August 17, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until September 17, 2026, in which to show good cause why Plaintiff's Complaint should not be dismissed or stayed for the reasons stated in the MOSC. Plaintiff has failed to respond by the deadline.

Plaintiff's claims relate to his state criminal proceedings. *See State v. Pike*, Case No. WY-2024-CR-000622 (District Court of Wyandotte County, Kansas). The Court found in the MOSC that Plaintiff seeks to have his state criminal case dismissed. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies

requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

The Court also found that an online Kansas District Court Records Search shows that Plaintiff's state court criminal case is ongoing. *See State v. Pike*, Case No. WY-2024-CR-000622 (District Court of Wyandotte County, Kansas). On July 10, 2026, the state court entered a "Court Order for Jury Trial Setting" that sets a final pretrial conference for October 14, 2026, and sets the case for jury trial beginning on October 26, 2026. *Id*. The Court ordered Plaintiff to show good cause why his case should not be dismissed or stayed based on *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). The MOSC provides that "[t]he failure to respond by the deadline may result in dismissal of this matter without prejudice and without further notice." (Doc. 4, at 7.) Plaintiff has failed to submit his initial partial filing fee by the deadline and has failed to respond to the MOSC by the deadline.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated September 23, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**